UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessie Tom, | No. 2:23-cv-02322-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Essentia Insurance Company, et al., | |
| Defendants. | |

Plaintiff Jessie Tom alleges defendant Essentia Insurance Company denied his insurance claim in violation of the policy and in bad faith. His complaint made clear in its prayer for relief he is seeking less than $75,000, but Essentia removed the case to this court based on the parties' diversity. Tom now moves to remand and seeks an award of costs and fees. As explained in this order, the motion to remand and for costs and fees is **granted**.

**I.    BACKGROUND**

Tom was restoring a 1970 Plymouth Barracuda Gran Coupe and purchased comprehensive insurance coverage for the car from Essentia. Compl. ¶ 6, ECF No. 1-1. In early 2022, the car was destroyed in a fire. *Id.* ¶ 7. Tom submitted an insurance claim to Essentia requesting a $50,000 payment for the car's full value. *Id.* ¶¶ 7–8. Essentia investigated the claim, requested extensive documentation, examined Tom under oath, and eventually denied the claim

based on its conclusion that Tom had made "material misrepresentations." *Id.* ¶¶ 10–11. It believed he had burned the car on purpose. *See id.* ¶ 20(c).

Tom filed this lawsuit in the California Superior Court for Sacramento County. *See generally id.* His complaint includes two claims. First, he alleges Essentia breached the policy's terms by denying his claim and requests "damages as more fully set forth below." *Id.* ¶ 18. Second, he alleges Essentia denied coverage in bad faith, which caused him emotional distress, unspecified "incidental damages and out of pocket expenses," and forced him to retain an attorney to pursue relief in this lawsuit. *Id.* ¶¶ 21–23. The complaint's prayer for relief requests $50,000 in monetary damages for the value of the lost car, other unspecified damages incurred "as a result of defendants' failure to pay benefits under the Policy," damages for mental and emotional distress and "other incidental damages," attorneys' fees, legal costs and expenses, costs of suit and any other relief the court deems just and proper. *Id.* at 6 (prayer). At the end of this list of damages, however, the prayer places an unambiguous limit on how much Tom is seeking: "for all damages and all causes of action set forth herein, Plaintiff will seeks [sic] NO MORE THAN the total amount of $74,900 by and through this action." *Id.* (emphasis in original).

Essentia answered the complaint and sent Tom interrogatories requesting more specific information about his damages claims, among other things. *See* Not. Removal Exs. D, E, ECF Nos. 1-4, 1-5. In addition to the $50,000 in damages Tom was seeking for the car itself, he explained he was seeking compensation for towing and storage charges ($200 plus $100 per month, $2,100 in total at the time of removal) and attorneys' fees equal to "somewhere between 33.3% and 40%, of what is recovered, depending on when [the] case resolves." Resp. Special Interrogs. at 4, ECF No. 1-7; Not. Removal at 4. He could not offer a more specific estimate of his damages for "loss of use" and "emotional distress." *E.g., id.* at 3. Later, in a letter, Tom's attorney also wrote Essentia's "evasive responses" to his own discovery requests were "going to elevate what should be a very routine $50,000 claim and make it a $75,000, plus costs, claim." Glass Letter (Oct. 5, 2023), ECF No. 1-10. Based on the interrogatory responses and the attorney's letter, Essentia believed it could show more than $75,000 was in controversy, so it

removed the action to this court based on the parties' diverse citizenship.  *See* Not. Removal ¶¶ 7, 14, ECF No. 1.

Tom now moves to remand the case to state court, and he seeks an award of fees and costs under § 1447(c).  *See generally* Mot. Remand, ECF No. 8; Mem., ECF No. 8-1.  The court received full briefing and submitted the matter for decision without hearing oral arguments.  *See generally* Opp'n, ECF No. 10; Reply, ECF No. 11; Min. Order, ECF No. 12.

**II.    REMOVAL JURISDICTION**

When a case filed in state court would have been within the original jurisdiction of a federal district court, a defendant may remove the case to federal court.  28 U.S.C. § 1441(a).  Under the diversity jurisdiction statute, 28 U.S.C. § 1332, which Essentia relies on in this case, federal district courts have original jurisdiction over actions in which the parties are completely diverse and more than $75,000 is in controversy.  *Id.* § 1332(a)(1).

A defendant who seeks to remove a case has the burden to show the removal is proper.  *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  There are at least three different burdens a defendant might be required to bear when relying on § 1332, depending on what the complaint alleges.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–700 (9th Cir. 2007).  First, if the complaint alleges an amount in controversy above the jurisdictional threshold, then this requirement is presumptively satisfied, "unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Id.* at 699 (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)).  Second, if the complaint does not allege an amount in controversy, or if it is ambiguous, then the defendant must show the amount in controversy "more likely than not" exceeds the jurisdictional threshold.  *Id.* (quoting *Sanchez*, 102 F.3d at 404).  Third, if the complaint alleges the amount in controversy is below the jurisdictional threshold, then the defendant must prove "with legal certainty" that more than the jurisdictional threshold is actually in controversy.  *Id.* (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (2007), *overruled in part by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 980–81 (9th Cir. 2013)).

3

Tom's state-court complaint states unambiguously in its prayer for relief that "for all damages and causes of action," he "seeks NO MORE THAN the total amount of $74,900 by and through this action." Compl. at 6 (emphasis in original). In that way, this case is unlike *Guglielmino*. The plaintiffs in *Guglielmino* limited some of their damages to "less than $75,000," but not in the prayer for relief, and not their requests for attorneys' fees, for an accounting, and for payment of back taxes and benefits. *See* 506 F.3d at 700–01. Their complaint was ambiguous about the amount in controversy. *See id.* In Tom's complaint, by contrast, there is no "uncertainty" about the bottom line. *Id.* at 701. For these reasons, this case fits the third category listed above: the complaint alleges the amount in controversy falls below the jurisdictional threshold.

That said, the court clarifies the application of *Guglielmino* and the authority on which it relied, as relevant to this case. In *Guglielmino*, when the Ninth Circuit reviewed the standard for complaints alleging an amount in controversy below the jurisdictional limit, it cited its previous decision in *Lowdermilk*, as noted above. *See* 506 F.3d at 699–700 (citing 479 F.3d at 1000). In *Lowdermilk*, but not in *Guglielmino*, the Circuit was evaluating a removal under the Class Action Fairness Act (CAFA). *Compare id.* at 697 *with Lowdermilk*, 479 F.3d at 996. A few years after the Ninth Circuit issued its decisions in *Guglielmino* and *Lowdermilk*, the Supreme Court held that CAFA plaintiffs may not limit themselves to specific amounts below the jurisdictional limit; specifically, they cannot bind absent class members. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). For that reason, defendants in CAFA cases need only show the amount in controversy likely exceeds the relevant $5 million threshold, even if the complaint alleges the amount in controversy is below the threshold. *See Rodriguez*, 728 F.3d at 981. *Lowdermilk* has been overruled in that respect. *See id.* (holding that *Lowdermilk*'s "legal certainty standard is clearly irreconcilable with *Standard Fire*" in putative class actions). This case is not a putative class action, however, so this court remains bound by *Lowdermilk*. "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the jurisdictional requirement." *Standard Fire*, 568 U.S. at 595.

4

To carry its burden on removal, then, Essentia must show to a legal certainty the complaint actually puts more than $75,000 in controversy. It has not done so. Tom's discovery responses showed he would seek $50,000 for the car's value, up to $20,000 in attorneys' fees, up to $2,100 in towing and storage fees, plus an unknown amount for loss of use and emotional distress. *See* Resp. Special Interrogs. at 4. That is, Tom was seeking $72,100 for the car, for his attorney's fees, and for storage and towing, which left $2,800 for loss of use and emotional distress until he reached the $74,900 limit he had set for himself in his prayer for relief. Perhaps a trier of fact might award a larger sum, but Essentia has not cited authority to show Tom's damages will certainly surpass the jurisdictional threshold. Even less weight can rest on plaintiff's counsel's observation that this case could become a "$75,000, plus costs, case." Glass Letter (Oct. 5, 2023), ECF No. 1-10. That statement is better understood at most as bluster about the consequences of an adversary's discovery tactics than as a retraction of the complaint's clear language. Nor can Essentia rely on the possibility that Tom might amend his complaint to include a claim for punitive or exemplary damages. Removal jurisdiction is determined based on the pleadings at the time of removal. *See, e.g.*, *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020). Tom had made no request for punitive damages at the time of removal.

The motion to remand is **granted**.

### III. FEES AND COSTS

Under 28 U.S.C. § 1447(c), "[c]osts and attorney's fees may be awarded against [a removing defendant] if its decision to remove was objectively unreasonable." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). Tom's complaint unambiguously limited the amount in controversy to $74,900 in its prayer for relief, and his allegations did not show he would certainly have been entitled to more if he prevailed. Essentia's arguments to the contrary rested primarily on an unreasonable interpretation of the Ninth Circuit's decision in *Guglielmino*. The court thus **grants** Tom's request for fees and costs under § 1447(c). Tom's request for attorneys' fees of $2,400 is reasonable. *See* Reply at 4. The court awards that amount.

5

IV.     CONCLUSION

This action is **remanded** to the California Superior Court for the County of Sacramento. Tom is awarded attorneys' fees in the amount of $2,400 under 28 U.S.C. § 1447(c), which Essentia must pay **within fourteen days** of the day this order is filed.

IT IS SO ORDERED.

DATED: December 7, 2023.

CHIEF UNITED STATES DISTRICT JUDGE